IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WATERHOUSE,                    No. Civ. S-07-619 RRB CMK

    Plaintiff,                    **Memorandum of Opinion
                                              and Order**

  v.

UNITED STATES OF AMERICA

    Defendant.
_____/

    Plaintiff, Douglas Waterhouse ("Waterhouse") filed an action against the United States of America ("United States") seeking judicial review of a decision by the Internal Revenue Service ("IRS") Appeals Office upholding the imposition of a trust fund recovery penalty assessed against him. The United States now moves to dismiss the entire action under Federal Rule of Civil Procedure 12(b)(1) on the ground that this court lacks

subject matter jurisdiction. For the following reasons, the court **GRANTS** the motion.[1]

**I. BACKGROUND**

Waterhouse is a former minority shareholder of Skyline Contract Glass, Inc. ("Skyline"). Compl. ¶ 6. On or about October 2004, the IRS proposed to assess a trust fund recovery penalty against Waterhouse as a "responsible" individual under 26 U.S.C. § 6672 for employment taxes allegedly not paid by Skyline for the following tax periods: June 2002, June 2003, September 2003, December 2003 and March 2004. Compl. ¶¶ 8, 11.[2]

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As a result, the oral argument presently scheduled for Wednesday, August 22, 2007, at 10:00 a.m., is hereby **VACATED**.

[2] The Internal Revenue Code ("IRC") requires employers to withhold from their employees' paychecks funds representing the employees' personal income and Social Security taxes. 26 U.S.C. § 3102(a); United States v. Energy Resources Co., Inc., 495 U.S. 545, 546 (1990). Because employers must hold these funds in "trust" for the United States, 26 U.S.C. § 7501, the taxes are commonly referred to as "trust fund" taxes. Energy Resources, 495 U.S. at 546-47. Should employers fail to turn over the trust fund taxes, the IRS may collect a Trust Fund Recovery Penalty, equal to the sum of the unpaid taxes, directly from the officers or other persons within the company who are responsible for collecting the taxes. 26 U.S.C. § 6672; Energy Resources, 495 U.S. at 547. These persons are commonly referred to as "responsible" individuals. Energy Resources, 495 U.S. at 547.

On or about November 25, 2005, the IRS Office of Appeals sustained the proposed trust fund recovery penalty assessment against Waterhouse. Compl. ¶ 10. On December 14, 2005, the penalty was assessed in the following amounts: (1) $101,783.16 (June 2002); (2) $37,723.21 (June 2003); (3) $72,765.58 (September 2003); (4) $76,562.51 (December 2003); and (5) $47,906.27 (March 2004). Compl. ¶ 11. On July, 18, 2006, the IRS issued a Notice of Intent to Levy the assessed penalty. Compl. ¶ 12. Waterhouse timely filed a request with the IRS for a Due Process hearing. Compl. ¶ 13.

On March 2, 2007, the IRS Office of Appeals issued a Notice of Determination sustaining its Notice of Intent to Levy. Compl. ¶ 14. On March 3, 2007, Waterhouse filed the instant action alleging that the IRS abused its discretion in concluding that he was a "responsible" individual liable for Skyline's unpaid employment taxes. Compl. ¶ 16. Additionally, Waterhouse alleges that he was not afforded the proper opportunity to dispute the assessed penalty. Compl. ¶ 17.

In the instant action, Waterhouse seeks a determination that he is not a "responsible" individual liable for Skyline's unpaid employment taxes. Compl. ¶ 17. Waterhouse also seeks abatement of the trust fund recovery penalty assessment. Compl. ¶ 17.

//

## II. DISCUSSION

### A. Legal Standard

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, a lack of jurisdiction is presumed, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. Curtis v. Treasury Dept., 2007 WL 460646, *1 (N.D. Cal. 2007) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). A Rule 12(b)(1) jurisdictional attack may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack occurs where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air, 373 F.3d at 1039. In resolving a facial attack to jurisdiction, the court must accept the factual allegations in the complaint as true. Curtis, 2007 WL 460646 at *2 (citing Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001)).

### B. 26 U.S.C. § 6330

The United States argues that this court lacks subject matter jurisdiction because 28 U.S.C. § 6330 confers exclusive jurisdiction over Collection Due Process ("CDP") claims to the United States Tax Court ("Tax Court").

When the IRS notifies a taxpayer of its intent to impose a levy for failure to pay taxes, the taxpayer has the right to a CDP hearing before the IRS Office of Appeals, and is entitled to raise defenses and to contest the levy or lien. Gorospe v. C.I.R., 451 F.3d 966, 967 (9th Cir. 2006) (citing 26 U.S.C. § 6330(c)(2)(A)). After a taxpayer receives a determination by the IRS Office of Appeals, he or she may seek judicial review. Gorospe, 451 F.3d at 967.

Specifically, a taxpayer may, within thirty days of a determination by the IRS Office of Appeals, seek judicial review of such determination by appealing to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter). 26 U.S.C. § 6330(d); see also 26 C.F.R. § 301.6330-1(f) (stating that a taxpayer may appeal a Notice of Determination by the IRS Office of Appeals to the Tax Court within thirty days following a determination); cf. Gorospe, 451 F.3d at 967 (holding that under former § 6330(d) a taxpayer could seek judicial review, either in the Tax Court or in district court, depending on whether the Tax Court had jurisdiction to consider the underlying liability).[3]

---

[3]   26 U.S.C. § 6330(d) formerly read:

"(1) Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination—

26 U.S.C. § 6330(d), amended in 2006, states:

"(d) Proceeding after hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

(2) Jurisdiction retained at IRS Office of Appeals.--The Internal Revenue Service Office of Appeals shall retain jurisdiction with respect to any determination made under this section, including subsequent hearings requested by the person who requested the original hearing on issues regarding—

(A) collection actions taken or proposed with respect to such determination; and

(B) after the person has exhausted all administrative remedies, a change in circumstances with respect to such person which affects such determination."

Based on the plain language of the statute, the court concludes that it does not have subject matter jurisdiction over this action. The removal of subdivision (d)(1)(B) from § 6330 divests district courts of jurisdiction to review CDP claims.

---

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."
    In Gorospe, the Ninth Circuit explained that former § 6330(d) did not vest the Tax Court with plenary jurisdiction over appeals of CDP determinations. Gorospe, 451 F.3d at 968. Rather, the Tax Court was only vested with jurisdiction over appeals of CDP determinations where it had jurisdiction to consider the underlying liability. Id. In all other cases, jurisdiction was vested in the district courts. Id.

For this reason, the court **GRANTS** the motion to dismiss.

**C.    Request to Amend the Complaint**

Waterhouse requests leave to amend the Complaint to add a claim under 26 U.S.C. § 7433(a).  The Taxpayer Bill of Rights, 26 U.S.C. § 7433, provides a cause of action, and a waiver of sovereign immunity, for alleged misconduct by the IRS.[4]  However, while § 7433 allows for the award of damages, a taxpayer is not entitled to bring suit in federal court until all available administrative remedies have been exhausted.  26 U.S.C. § 7433(d)(1).

Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit.  26 C.F.R. § 301.7433-1.  More particularly, the taxpayer must submit his claim, in writing, "to the Area Director . . . of the area in which the taxpayer currently resides."  26 C.F.R. § 301.7433-1(e)(1).  The claim must include, among other things, the grounds for the claim, a description of the injuries, and the dollar amount of damages sought.  26 C.F.R. § 301.7433-

---

[4]  26 U.S.C. § 7433(a) provides: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

Although Waterhouse claims to have exhausted all his administrative remedies, he has failed to provide a description of how he satisfied the express requirements of the administrative claim process. As such, there is no indication that Waterhouse actually exhausted the administrative remedies available to him. Therefore, he cannot sue for damages under § 7433.

For this reason, the court **DENIES** Waterhouse's request for leave to amend the Complaint.

**D.   Request for Transfer**

Waterhouse requests a transfer of this action to the Tax Court. The court, however, has already determined that it lacks subject matter jurisdiction. Therefore, it does not have the power to transfer this action pursuant to § 1404(a).[5] See Grimsley v. United Engineers and Constructors, Inc., 818 F. Supp. 147, 148 (D.S.C. 1993) (citing cases). However, because 28 U.S.C. § 1631 permits federal courts to transfer matters even

---

[5]   28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

when it lacks subject matter jurisdiction, transfer may be appropriate. Id.

Section 1631 provides, in pertinent part: "Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. Section 610 provides: "the word 'courts' includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610.

Thus, under § 1631, a federal "court," as defined by § 610, may transfer a case to another court if the following conditions are satisfied: (1) the transferee court must have been able to exercise jurisdiction on the date the notice of filing was misfiled; (2) transferor court must lack jurisdiction, and (3)

transfer must serve interests of justice. <u>Public Citizen Inc. v. Mineta</u>, 343 F.3d 1159, 1171, n.22 (9th Cir. 2003).[6]

Although it would otherwise be proper to transfer this action under § 1631, this court lacks the authority to do so because the Tax Court is not specifically enumerated as a "court" under 28 U.S.C. § 610. <u>See</u> <u>Skillo v. U.S.</u>, 68 Fed. Cl. 734, 746-47 (Fed. Cl. 2005) (holding that the Tax Court is not a "court" under § 610 such that another "court" could, under § 1631, transfer an action to it).[7]

For this reason, the court **DENIES** Waterhouse's request to transfer this action to the Tax Court.

**III. CONCLUSION**

For the reasons stated above, the court GRANTS the motion to dismiss and DENIES Waterhouse's requests for leave to amend and for a transfer of this action to the Tax Court.

---

[6] "The 'interest of justice' requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action." <u>Butler v. U.S.</u>, 442 F.Supp.2d 1311, 1317 (Ct. Int'l Trade 2006) (quotation marks omitted).

[7] Notably, Waterhouse was specifically informed in writing by the IRS that he was required to file an appeal with the Tax Court within thirty days of the IRS's Notice of Determination, and that if he filed in the wrong court (e.g., United States District Court), he would be unable to refile in the Tax Court if the time for filing a Tax Court petition had expired. Exh. A, attached to Decl. of Paul S. Ham, In Support of Def.'s Mtn. to Dismiss.

**IT IS SO ORDERED.**

ENTERED this 24th day of August, 2007.

              s/RALPH R. BEISTLINE
              United States District Judge